UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GILBERT ROMAN, Pro Se,

     Plaintiff,                        Case No. 6:26-CV-01066-JSS-RMN

v.

SCIENS BUILDING SOLUTIONS, LLC

     Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)

Defendant, Sciens Building Solutions, LLC ("Defendant" or "Sciens"), by and through undersigned counsel, respectfully moves this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing the First Amended Complaint filed by Plaintiff Gilbert Roman ("Plaintiff") in its entirety, with prejudice. In support of this Motion, Defendant states as follows:

### INTRODUCTION

This action arises from Plaintiff's former employment with Defendant as a Certified Fire Sprinkler Inspector assigned to the Orlando International Airport from approximately October 2024 to September 2025. Plaintiff, proceeding *pro se*, has filed a six-count First Amended Complaint alleging racial discrimination and retaliation under 42 U.S.C. § 1981 (Counts I and II), Title VII of the Civil Rights

87211607;1

Act of 1964, 42 U.S.C. § 2000e-2 (Counts III and IV), and the Florida Civil Rights Act, Fla. Stat. §§ 760.01–760.11 (Counts V and VI). Plaintiff seeks compensatory and punitive damages, reinstatement or front pay, prejudgment interest, attorney fees, and injunctive relief.

The First Amended Complaint, however, fails to meet the threshold pleading requirements of Federal Rule of Civil Procedure 8(a)(2) as interpreted by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Although courts construe *pro se* pleadings liberally, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), this liberality does not excuse a plaintiff from the obligation to allege facts sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

The factual allegations in the First Amended Complaint, taken as true, do not plausibly establish that any adverse employment action taken by Defendant was motivated by Plaintiff's race. The First Amended Complaint interweaves allegations of workplace safety concerns, equipment disputes, and personal medical issues with conclusory assertions of racial animus, but it fails to draw a plausible connection between the two. The retaliation counts fare no better, as Plaintiff fails to identify with any specificity the protected activity allegedly triggering retaliation or to

2

87211607;1

establish the requisite causal connection between such activity and his termination. The state-law FCRA claims (Counts V and VI) are analyzed under the same framework as the corresponding federal claims and fail for the same reasons. Additionally, Plaintiff's First Amended Complaint is subject to dismissal for insufficiency of service of process. For these reasons, the First Amended Complaint should be dismissed in its entirety.

## FACTUAL BACKGROUND

According to the First Amended Complaint, Plaintiff is a Black Hispanic male of Puerto Rican descent who was hired by Defendant as a "Lead Fire Sprinkler Inspector" for the Orlando International Airport in early October 2024. The First Amended Complaint alleges that Plaintiff was "one of the few non-white employees" in Defendant's Orlando operations.

Plaintiff alleges that within weeks of commencing employment, he received "persistent questioning of his professionalism, intellect, and devotion to safety" from his direct managers, which he contends was in "extreme contrast" to the treatment of his white counterparts. Plaintiff further alleges that one of his managers stated during a December 2024 staff meeting that "I am a redneck and I come from a family of rednecks."

The First Amended Complaint further alleges that Plaintiff was routinely assigned to perform the workload of two inspectors alone, resulting in a back injury

3

in April 2025. Plaintiff alleges he was subsequently placed on light duty and "demoted" from Lead Fire Sprinkler Inspector to "secondary inspector" without explanation. Plaintiff alleges he filed a formal complaint with Human Resources in May 2025 regarding "disparate treatment, safety violations for failing to assign at least two inspectors to job sites, and unfair demotion."

The First Amended Complaint further alleges a series of disputes regarding defective equipment and Plaintiff's being barred from the office. In early September 2025, Plaintiff alleges his elderly mother suffered a "major medical event" and that he communicated to management his intention to seek leave under the Family and Medical Leave Act ("FMLA"). Plaintiff alleges that on or around September 21, 2025, while awaiting FMLA eligibility, he was summoned to the Orlando office and terminated effective immediately.

Plaintiff dual-filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on or about December 1, 2025. The EEOC issued a right-to-sue letter on March 18, 2026. Plaintiff filed the original Complaint on May 11, 2026, and subsequently filed the instant First Amended Complaint on June 3, 2026. The First Amended Complaint adds claims under the Florida Civil Rights Act ("FCRA"), Fla. Stat. §§ 760.01–760.11, and asserts that Plaintiff is entitled to proceed under Fla. Stat. § 760.11(8) as if the FCHR had issued a reasonable cause

4

87211607;1

determination because more than 180 days have elapsed since the filing of the charge.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* Although the court must accept well-pleaded factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

## ARGUMENT

### I. Count I — Section 1981 Discrimination — Fails to State a Claim

To state a claim for racial discrimination under 42 U.S.C. § 1981, a plaintiff must allege facts sufficient to establish that (1) he is a member of a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute, including the making and enforcement of contracts. *Kinnon v. Arcoub, Gopman &*

5

*Assocs., Inc.*, 490 F.3d 886, 891 (11th Cir. 2007). Purposeful discrimination is a required element; disparate impact alone is insufficient. *Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391 (1982).

Plaintiff's Count I fails to satisfy the second element. The First Amended Complaint's factual allegations, stripped of conclusory assertions, do not give rise to a plausible inference that Defendant harbored a racially discriminatory intent in taking any adverse employment action against Plaintiff.

Plaintiff relies heavily on a single remark made by one manager in December 2024 — "I am a redneck and I come from a family of rednecks" — as evidence of racial animus. Even construing this statement in the light most favorable to Plaintiff, it is at best an ambiguous, isolated remark that does not plausibly establish that Defendant's subsequent employment decisions — including Plaintiff's alleged demotion, equipment assignments, and ultimate termination — were racially motivated. The Eleventh Circuit has held that "isolated comments, unrelated to the challenged action, are insufficient to demonstrate discriminatory intent." *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998). The "redneck" comment was made in December 2024, months before the alleged demotion, and the First Amended Complaint does not allege any connection between this remark and any particular employment decision.

6

87211607;1

The remaining allegations concern workplace safety disputes, staffing shortages, equipment malfunctions, and Plaintiff's physical injury — all of which are facially race-neutral. Plaintiff alleges that his white counterparts were treated more favorably, but he provides no factual detail regarding the identities, positions, qualifications, or treatment of any specific comparator employee. The assertion that he was treated differently from "white counterparts" is precisely the type of conclusory allegation that *Iqbal* instructs courts to disregard. 556 U.S. at 678.

Moreover, Plaintiff's allegation that his demotion occurred after a documented back injury and placement on light duty undermines the inference of racial motivation and instead suggests a legitimate, non-discriminatory basis for the reassignment. Because Plaintiff has failed to plead facts sufficient to make racial discrimination a plausible — as opposed to merely conceivable — explanation for the adverse actions alleged, Count I should be dismissed.

### II. Count II — Section 1981 Retaliation — Fails to State a Claim

To establish a prima facie case of retaliation under § 1981, a plaintiff must allege that (1) he engaged in a statutorily protected activity; (2) the defendant took a materially adverse action against him; and (3) a causal connection existed between the protected activity and the adverse action. *Chapter 7 Trustee v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1258 (11th Cir. 2012). Plaintiff's retaliation claim is deficient in multiple respects.

87211607;1

First, Plaintiff fails to adequately allege that he engaged in protected activity. The First Amended Complaint vaguely alleges that Plaintiff "complained about, inter alia, the racial discrimination he experienced," but provides no detail regarding the substance, timing, or recipients of these complaints. The only specific complaint identified in the First Amended Complaint is the May 2025 formal HR complaint, which addressed "disparate treatment, safety violations for failing to assign at least two inspectors to job sites, and unfair demotion." It is unclear from the face of the First Amended Complaint whether this HR complaint raised race-based discrimination at all, as opposed to general workplace grievances regarding staffing and safety. A generalized complaint about unfair treatment, without an explicit or reasonably implied reference to race, does not constitute protected activity under § 1981. *See Jeronimus v. Polk County Opportunity Council, Inc.,* 145 F. App'x 319, 326 (11th Cir. 2005) (complaints about being "singled out," subjected to "harassment," and working in a "hostile environment" were not protected activity where they did not suggest discrimination based on race or sex); *Brown v. City of Opelika,* No. 06-13615, 2006 WL 3747429, at *2 (11th Cir. Dec. 14, 2006) (affirming finding of no protected activity where plaintiff never mentioned race and never voiced a complaint that the employer was engaged in an unlawful employment practice).

8

Second, even assuming the May 2025 HR complaint constituted protected activity, Plaintiff has failed to allege a plausible causal connection between that complaint and his termination in September 2025. The approximately four-month gap between the May 2025 complaint and the September 2025 termination, standing alone, is insufficient to establish causation through temporal proximity. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (holding that a three-month gap is "insufficient, standing alone, to establish causation"). The First Amended Complaint does not allege any intervening statements or escalating adverse actions temporally linked to the HR complaint; the alleged disputes concern staffing, equipment, and access issues—not protected activity.

### III. Count III — Title VII Discrimination — Fails to State a Claim

To state a claim for discrimination under Title VII, a plaintiff must allege that the employer took an adverse employment action against him because of his race. 42 U.S.C. § 2000e-2(a)(1). Count III is almost entirely devoid of factual content. It merely incorporates the prior allegations by reference and recites the statutory text of Title VII, followed by the conclusory assertion that "Defendants engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff because of his race." This is precisely the type of "formulaic recitation of the elements" that *Iqbal* and *Twombly* hold to be insufficient. *Iqbal*, 556 U.S. at 678. Count III does not identify any specific adverse action, any specific comparator, or

9

any facts beyond those already addressed in connection with Count I. For the same reasons Count I fails, Count III fails — and it fails with greater force, given the absence of any additional factual allegations specific to a Title VII theory.

Furthermore, to the extent Count III relies on allegations already discussed in connection with Count I, those allegations are insufficient for the reasons set forth above. As discussed further below, Count V — alleging discrimination under the FCRA — is analyzed under the same framework and fails for the same reasons. Count III should be dismissed.

### IV. Count IV — Title VII Retaliation — Fails to State a Claim

To state a claim for retaliation under Title VII, a plaintiff must allege that (1) he engaged in activity protected by Title VII; (2) the employer took a materially adverse action against him; and (3) a causal connection existed between the protected activity and the adverse action. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).

Count IV suffers from the same infirmities as Count II. The count is limited to the conclusory allegation that "Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et seq., by retaliating against Plaintiff." It does not identify the protected activity, the adverse action, or the causal connection. The First Amended Complaint does not distinguish between the § 1981 retaliation

10

theory and the Title VII retaliation theory and Count IV adds no factual content to what was already pled in Count II.

For the same reasons Count II fails, Count IV fails — and again, with greater force given the absence of any additional factual elaboration. As discussed further below, Count VI — alleging retaliation under the FCRA — is analyzed under the same framework and likewise fails. Count IV should be dismissed.

### V. Count V — FCRA Discrimination — Fails to State a Claim

The First Amended Complaint adds Count V, alleging discrimination in violation of the Florida Civil Rights Act, Fla. Stat. § 760.10(1)(a). It is well established that FCRA claims are analyzed under the same framework as Title VII claims. *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998); *City of Hollywood v. Hogan*, 986 So. 2d 634, 641 (Fla. 4th DCA 2008). Accordingly, for the same reasons set forth in Section III above, Count V fails to state a claim upon which relief can be granted.

Count V is entirely devoid of independent factual content. It merely incorporates the prior allegations by reference and recites the statutory text of Fla. Stat. § 760.10(1)(a), followed by the conclusory assertion that "Defendants engaged in unlawful employment practices prohibited by the FCRA." This bare recitation of a statutory standard fails to satisfy the plausibility requirements of *Iqbal* and *Twombly*. Because the underlying factual allegations are insufficient to support a

11

plausible inference of racial discrimination under Title VII, they are equally insufficient under the FCRA. Count V should be dismissed.

### VI. Count VI — FCRA Retaliation — Fails to State a Claim

Count VI alleges retaliation in violation of the FCRA, Fla. Stat. § 760.10(7). As with discrimination claims, FCRA retaliation claims are subject to the same analysis as Title VII retaliation claims. *Harper*, 139 F.3d at 1387. For the same reasons set forth in Section IV above, Count VI fails to state a claim upon which relief can be granted.

Count VI suffers from the same deficiencies as Counts II and IV. It does not identify any protected activity, any adverse action, or any causal connection. The count is limited to the conclusory allegation that "Defendants engaged in unlawful employment practices prohibited by the FCRA." This falls far short of the pleading standard required by *Iqbal* and *Twombly*. Count VI should be dismissed.

### VII. The First Amended Complaint Contains Additional Pleading Deficiencies Warranting Dismissal or a More Definite Statement

In addition to the foregoing, the First Amended Complaint suffers from several additional deficiencies that independently or collectively support dismissal or, in the alternative, a motion for a more definite statement under Rule 12(e).

12

## A. Absence of Specific Comparator Evidence

The First Amended Complaint repeatedly asserts that Plaintiff was treated differently from "white counterparts" but identifies no similarly situated employees outside his protected class who were treated more favorably, and offers no facts about their roles, duties, or conduct to permit an inference of disparate treatment. To satisfy the plausibility standard, a plaintiff alleging disparate treatment must provide sufficient factual detail to permit the inference that similarly situated employees outside his protected class were treated more favorably. The blanket assertion that unidentified "white counterparts" received better treatment is conclusory and insufficient.

## B. Attorney Fees Request by a Pro Se Plaintiff

Plaintiff requests an award of "all costs and attorney fees incurred in prosecuting these claims," notwithstanding that Plaintiff is proceeding pro se. A pro se litigant who is not a licensed attorney is not entitled to attorney fees under Title VII or § 1981. *Kay v. Ehrler*, 499 U.S. 432, 435 (1991). This portion of the prayer for relief should be stricken.

13

87211607;1

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that counsel for Defendant confer with the *pro se* Plaintiff via email on June 17, 2026 regarding the relief requested in this motion and *pro se* Plaintiff does not consent.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court enter an order:

1. Dismissing Plaintiff's First Amended Complaint in its entirety, with prejudice, for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6);

2. In the further alternative, ordering Plaintiff to file a more definite statement pursuant to Federal Rule of Civil Procedure 12(e); and

3. Striking Plaintiff's request for attorney's fees.

4. Granting such other and further relief as this Court deems just and proper.

Dated: June 17, 2026.                    Respectfully submitted,

*/s/ Phillip J. Harris*
**Phillip J. Harris, Esq., Lead Counsel**
Florida Bar Number: 44107
Email: phillip.harris@akerman.com
**AKERMAN LLP**
401 E. Jackson Street
Suite 1700
Tampa, FL 33602-5250
Phone: (813) 223-7333
Fax: (813) 223-2837

14

87211607;1

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that June 17, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following:

Gilbert Roman
950 Woodlark Drive
Haines City, FL 33844
*Pro Se Plaintiff*

/s/ Phillip J. Harris
**Phillip J. Harris, Esq., Lead Counsel**
Florida Bar Number: 44107

15

87211607;1