**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

GILBERT ROMAN, *PRO SE*,

       Plaintiff,

v.                                                          Case No. 6:26-CV-01066-JSS-RMN

SCIENS BUILDING SOLUTIONS, LLC

       Defendant.

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

*Pro Se* Plaintiff, Gilbert Roman, ("Plaintiff") responds in opposition to Defendant's, Sciens Building Solutions, LLC ("Defendant"), Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), and humbly requests this Court deny Defendant's motion, to which Plaintiff responds as follows:

## LEGAL STANDARD

1.    Defendant grossly mischaracterizes and understates the *Twombly/Iqbal* standard in a misleading manner. For example, Defendant states: "[t]o survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face[,]"" (ECF No. 11 at page 4), whereas the Court actually states in context: ". . . we do not require heightened fact pleading of

specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

2. Defendant also states: "[a] claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,"" (ECF No. 11 at page 5), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the Court goes further in *Iqbal* to state: "[t]he plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Fundamentally, the Court underscores that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task requir[ing] the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## ARGUMENT

### Count I: § 1981 Discrimination

3. Defendant cites inconsistent authority to argue that Plaintiff has failed to state a claim: "[t]o state a claim for racial discrimination . . . a plaintiff must . . . establish that (1) he is a member of a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute, including the making and enforcement of contracts." (ECF No. 11 at page 5), citing *Kinnon v. Arcoub, Gopman & Assocs., Inc.*, 490 F.3d 886, 891 (11th Cir. 2007). This quote is taken

out of context, as the Court in *Kinnon* is clear that: "[a]t issue . . . is the application of 42 U.S.C. § 1981 to a claim arising out of a verbal contract for the delivery of food." Indeed, the Court acknowledges in *Kinnon* that, "[t]hough we have previously addressed § 1981 claims in the employment context . . . there exists scant authority . . . applying § 1981 to claims brought by customers against commercial establishments." *Ibid.* The Court resolved this problem by accepting that: ". . . there is a significant distinction . . . between employment agreements and retail transactions for the purpose of § 1981." *Ibid.* (citation omitted). Further, the Court concluded that: "Section 1981 does not provide a general cause of action for all racial harassment that occurs during the contracting process[;]" *Id.* at 892 (citation omitted); but "in the retail context, the plaintiff must demonstrate the loss of an actual . . . contract interest." *Ibid.*

4. Plaintiff's claim does not seek redress for discrimination in the retail context, but in the employment context, and therefore, for purposes of surviving a Rule 12(b)(6) Motion to Dismiss, Plaintiff is not required to plead every element of the *prima facie* case in their complaint. *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1246 (11th Cir. 2015) (". . . a complaint need only provide enough factual matter (taken as true) to suggest intentional race discrimination." (citation and quotation marks omitted).

5. The requirements for establishing a *prima facie* case do not apply to pleading standards as it is an evidentiary standard. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-512 (2002) ("Given that the *prima facie* case operates as a flexible

evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases").

6. Defendant's submission that Plaintiff has failed to state a claim is not supported by governing precedent, nor the authority Defendant relies on. Rather, Defendant's submission is defective and should therefore be denied and disregarded as unsupported.

### Count II: § 1981 Retaliation

7. Defendant argues that Plaintiff has not established a *prima facie* case of retaliation in their complaint.

8. Plaintiff is not required to plead a *prima facie* case of retaliation to survive a Rule 12(b)(6) Motion to Dismiss. *Surtain*, 789 F.3d 1239, 1246 (11th Cir. 2015) (". . . a complaint need only "provide enough factual matter (taken as true) to suggest intentional race discrimination." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, citing *Twombly*, 550 U.S. at 555).

9. Defendant further argues that: "Plaintiff fails to adequately allege that (1) he engaged in a statutorily protected activity; (2) the defendant took a materially adverse action against him; and (3) a causal connection existed between the protected activity and the adverse action"—elements of a *prima facie* case of retaliation under § 1981. (ECF No. 11 at Page 7).

10. Plaintiff is not required to plead a *prima facie* case of retaliation to survive a Rule 12(b)(6) Motion to Dismiss. *Surtain*, 789 F.3d 1239, 1246 (11th Cir. 2015).

4

11. Defendant further argues that: "Plaintiff has failed to allege a plausible causal connection between that complaint and his termination"—an element of a *prima facie* case for retaliation. (ECF No. 11 at page 9).

12. Plaintiff is not required to plead a *prima facie* case of retaliation to survive a Rule 12(b)(6) Motion to Dismiss. *Surtain*, 789 F.3d 1239, 1246 (11th Cir. 2015).

13. Defendant's submission that Plaintiff has failed to state a claim for failing to establish a *prima facie* case of retaliation is not supported by governing precedent, nor the authority Defendant relies on. Rather, Defendant's submission is defective and should therefore be denied and disregarded as unsupported.

### Count III: Title VII Discrimination

14. Defendant argues that "[f]or the same reasons Count I fails, Count III fails — and it fails with greater force." (ECF No. 11 at Page 9). Further Defendant states that: "Count III is almost entirely devoid of factual content[;]" and, that it "merely incorporates the prior allegations by reference and recites the statutory text of Title VII." *Id*. a Page 10.

15. While Defendant contends that Plaintiff did nothing more than incorporate the prior allegations by reference, Defendant fails to acknowledge that Plaintiff incorporated the entirety of the complaint up until Count III, including the facts and allegations contained therein, into Count III, including those facts Defendant 'cherry-picked' to claim *sub prima facie* as a basis for a Rule 12(b)(6) Motion to Dismiss—a basis that does not exist. (ECF No. 11 at Page 3).

16. Defendant submits Count I fails because Plaintiff did not establish a *prima facie* case of discrimination as is required in *Kinnon* (". . . in the retail context, the plaintiff must demonstrate the loss of an actual . . . contract interest" *Kinnon*, 490 F.3d at 891) (ECF No. 11 at Page 5-6). However, as set out above, *supra* at Para. 3, Plaintiff has not claimed discrimination in the retail context nor in the contract negotiation context (or more specifically, nor in the food delivery context either).

17. Defendant states that "Plaintiff's Count I fails to satisfy the second element," (ECF No. 11 at Page 6), referring to elements referred to in *Kinnon*. However, "the issue is not whether a Plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz*, 534 U.S. at 511 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). That is, "the precise requirements of a *prima facie* case . . . were never intended to be rigid, mechanized, or ritualistic." *Id.* at 512 (quotation marks omitted) (citing *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978)). Thus, "[t]o measure a plaintiff's complaint against a particular formulation of the *prima facie* case at the pleading stage is inappropriate[,]" *Ibid.* (quotation marks and citation omitted), given that: "the *prima facie* case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases." *Ibid.*

18.    Defendant's submission that Plaintiff has failed to state a claim is not supported by governing precedent, nor does the authority Defendant relies on to argue the same in regard to Count I. Rather, as Defendant's submission under Count I is defective and should be denied as unsupported, Defendant's submission under Count III is defective and should therefore be denied and disregarded as unsupported.

## Count IV: Title VII Retaliation

19.    Defendant argues that "Count IV suffers from the same infirmities as Count II." (ECF No. 11 at Page 12).

20.    Defendant relies on and cites *Crawford*: "[t]o state a claim for retaliation under Title VII, a plaintiff must allege that (1) he engaged in activity protected by Title VII; (2) the employer took a materially adverse action against him; and (3) a causal connection existed between the protected activity and the adverse action" (misquoting *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008)) (ECF No. 11 at Page 3).

21.    However, the Court in *Crawford* does not state: "[t]o state a claim . . .[;]" rather, it states: "[t]o make out a *prima facie* case of racial discrimination a plaintiff must show (1) she belongs to a protected class; (2) she was qualified to do the job; (3) she was subjected to adverse employment action; and (4) her employer treated similarly situated employees outside her class more favorably." *Id.* at 970. That is, "[*t*]*o make out a prima facie case* . . . ." *Ibid.* (emphasis mine).

7

22. Plaintiff is not required to plead a *prima facie* case of retaliation to survive a Rule 12(b)(6) Motion to Dismiss. *Surtain*, 789 F.3d 1239, 1246 (11th Cir. 2015).

23. Again, "the precise requirements of a *prima facie* case . . . were never intended to be rigid, mechanized, or ritualistic." *Furnco*, 438 U.S. 567, 577 (1978)), for, ". . . the *prima facie* case operates as a flexible evidentiary standard [and] should not be transposed into a rigid pleading standard for discrimination cases." *Swierkiewicz*, 534 U.S. at 512.

24. Defendant's submission that Plaintiff has failed to state a claim for failing to establish a *prima facie* case yet again is not supported by governing precedent, nor the authority Defendant relies on. Rather, Defendant appears to be misleading the Court so that it will impose a standard on a *Pro Se* Plaintiff that no Plaintiff, whether *Pro Se* or represented, would have to meet. Again, Defendant's submission under Count IV is defective and should therefore be denied and disregarded as unsupported.

### Count V: FCRA Discrimination

25. Defendant argues, "for the same reasons set forth in Section III above, Count V fails to state a claim upon which relief can be granted." (ECF No. 11 at Page 11). That is, it is "devoid of independent factual content[;]" and it "merely incorporates the prior allegations by reference and recites the statutory text . . .." *Ibid.* Under Section III, Defendant argues, "[f]or the same reasons Count I fails, Count III fails . . .." *Id.* at Page 10.

26. While Defendant contends that Plaintiff did nothing more than incorporate prior allegations by reference into both Count III and Count V, Defendant fails to acknowledge that Plaintiff incorporated the entirety of the complaint up until Count V, including the facts and allegations contained therein, into Count V, including those facts Defendant 'cherry-picked' to claim *sub prima facie* as a basis for a Rule 12(b)(6) Motion to Dismiss—a basis that does not exist. (ECF No. 11 at Page 3).

27. Defendant states Count V fails for the same reason that Count III fails, which fails for the same reason as Count I: Plaintiff did not establish a *prima facie* case of discrimination as is required in *Kinnon* (". . . in the retail context, the plaintiff must demonstrate the loss of an actual . . . contract interest" *Kinnon*, 490 F.3d at 891). However, as set out above, *supra* at Para. 3, Plaintiff has not claimed discrimination in the retail context nor in the contract negotiation context (or more specifically, nor in the food delivery context either).

28. Defendant states that "Plaintiff's Count I fails to satisfy the second element," referring to elements referred to in *Kinnon*, and therefore Count III and Count V fail for the same reason. However, "the issue is not whether a Plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz*, 534 U.S. at 511 (citing *Scheuer*, 416 U.S. 232, 236 (1974)). That is, "the precise requirements of a *prima facie* case . . . were never intended to be rigid, mechanized, or ritualistic." *Id.* at 512 (quotation marks omitted) (citing *Furnco*, 438 U.S. 567, 577 (1978)). Thus, "[t]o measure a

plaintiff's complaint against a particular formulation of the *prima facie* case at the pleading stage is inappropriate[,]" *Ibid.* (quotation marks and citation omitted), given that: "the *prima facie* case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases." *Ibid.*

29. Defendant's submission that Plaintiff has failed to state a claim is not supported by governing precedent, nor does the authority Defendant relies on to argue the same in regard to Count III and Count I. Rather, as Defendant's submission under Count III and Count I are defective and should be denied as unsupported, Defendant's submission under Count V is defective and should therefore be denied and disregarded as unsupported.

### Count VI: FCRA Retaliation

30. Defendant argues, "Count VI suffers from the same deficiencies as Counts II and IV." (ECF No. 11 at Page 12). That is, "[i]t does not identify any protected activity, any adverse action, or any causal connection." *Ibid.* For both Count IV and Count II, and now Count VI, Defendant argues that Plaintiff has not established a *prima facie* case of retaliation in their complaint.

31. Plaintiff is not required to plead a *prima facie* case of retaliation to survive a Rule 12(b)(6) Motion to Dismiss. *Surtain*, 789 F.3d 1239, 1246 (11th Cir. 2015) (". . . a complaint need only "provide enough factual matter (taken as true) to

10

suggest intentional race discrimination." *Davis,* 516 F.3d 955, 974, citing *Twombly*, 550 U.S. at 555).

32.    Defendant further argues that: "Plaintiff fails to adequately allege that he engaged in protected activity"—an element of a *prima facie* case of retaliation under Fla. Stat. § 760.10(7). (ECF No. 11 at Page 12).

33.    Plaintiff is not required to plead a *prima facie* case of retaliation to survive a Rule 12(b)(6) Motion to Dismiss. *Surtain*, 789 F.3d 1239, 1246 (11th Cir. 2015).

34.    Defendant further argues that Plaintiff does not identify any protected activity, any adverse action, or any causal connection—elements of a *prima facie* case for retaliation. (ECF No. 11 at Page 12).

35.    Plaintiff is not required to plead a *prima facie* case of retaliation to survive a Rule 12(b)(6) Motion to Dismiss. *Surtain*, 789 F.3d 1239, 1246 (11th Cir. 2015).

36.    Defendant's submission that Plaintiff has failed to state a claim is not supported by governing precedent, nor does the authority relied on to argue the same regarding Count IV and Count II. Rather, as Defendant's submission under Count IV and Count II are defective and should be denied as unsupported, Defendant's submission under Count VI is defective and should therefore be denied and disregarded as unsupported.

**"VII . . . Additional . . .."**

**Absence of Specific Comparator Evidence**

37. Defendant argues absence of specific comparator evidence as a basis for its motion to dismiss or moves in the alternative for an FRCP Rule 12(e) More Definite Statement. (ECF No. 11 at Page 12).

38. It is well established that: "a motion for more definite statement is not to be used to assist in getting the facts in preparation for trial as such. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959).

39. Further, "a meaningful comparator analysis must be conducted at the *prima facie* stage . . .." *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1218 (11th Cir. 2019).

40. However, "the precise requirements of a *prima facie* case . . . were never intended to be rigid, mechanized, or ritualistic." *Swierkiewicz*, 534 U.S. at 511 (quotation marks and citation omitted). And, "[t]o measure a plaintiff's complaint against a particular formulation of the *prima facie* case at the pleading stage is inappropriate[,]" *Id.* at 512 (quotation marks and citation omitted), given that: "the *prima facie* case operates as a flexible evidentiary standard, [and thus] should not be transposed into a rigid pleading standard for discrimination cases." *Ibid.*

41. Defendant's submission that Plaintiff has failed to specify comparator evidence in support of its motion or in the alternative, its motion for an FRCP Rule 12(e) More Definite Statement, is not supported by governing precedent, nor the authority Defendant relies on. Therefore, Defendant's submission that Plaintiff: "must provide sufficient factual detail to permit the inference that similarly

12

situated employees outside his protected class were treated more favorably," should be disregarded as unsupported and misleading.

### Attorney Fees Request by a Pro Se Plaintiff

42. Plaintiff concedes that as a Pro Se Plaintiff, they are not entitled to attorney fees. Rather, Plaintiff seeks, *inter alia*, all recoverable litigation costs. Plaintiff humbly requests that the three words "and attorney fees" be stricken from line h of Plaintiff's Prayer for Relief.

### CONCLUSION

For the foregoing reasons, Plaintiff humbly requests this Court deny the Defendant's Motion to Dismiss and grant such further relief as the Court deems just and proper. Alternatively, should the Court find any deficiencies in Plaintiff's Complaint, Plaintiff humbly requests leave to amend pursuant to FRCP Rule 15(a).

Dated: June 19, 2026,                    Humbly Submitted,

/s/ Gilbert Roman
Gilbert Roman, *Pro Se* Plaintiff
950 Woodlark Drive
Haines City, FL 33844
(516)458-9105
groman2009@yahoo.com

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was filed with the Clerk of Court via Federal Express on June 19, 2026, and via email to Defendant's Counsel of Record: Phillip Harris, Akerman LLP, 401 E. Jackson Street, Suite 1700, Tampa, FL 33602, phillip.harris@akerman.com.



# FedEx ®

**This envelope is only for FedEx Express® shipments.**

You can help us get your package safely to its destination by packing your items securely. Need help? Go to **fedex.com/packaging** for packing tips.

Check your FedEx shipping document, the current FedEx Service Guide, or the conditions of carriage for complete terms, conditions, and limits of liability.

© 2025 FedEx 155475/155476 REV 2/25



**PAP 21**

Please recycle. See how we are connecting the world in responsible and resourceful ways at **fedex.com/sustainability**. Recycling options may vary by location.



**Scan to learn how we can help make Earth a priority together.**

▼ Insert shipping document here.