UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GILBERT ROMAN, Pro Se,

Plaintiff, Case No. 6:26-CV-01066-JSS-RMN

v.

SCIENS BUILDING SOLUTIONS, LLC

Defendant.

_________________________________/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant, SCIENS BUILDING SOLUTIONS, LLC ("Defendant" or "Sciens"), by and through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby files this Answer and Affirmative Defenses to Plaintiff Gilbert Roman's Second Amended Complaint and Demand for Jury Trial (the "Complaint"), and states as follows:

## INTRODUCTION

1. Defendant admits that Plaintiff purports to bring this action. Defendant denies all allegations of wrongdoing pled or implied in this paragraph.

## NATURE OF THE CASE

2. Defendant admits that this purports to be a civil action under the statutes cited. Defendant denies all allegations of wrongdoing, denies that Defendant violated any laws, and denies Plaintiff is entitled to any relief sought.

## PARTIES

3. Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's personal characteristics and therefore denies the same. Defendant admits that Plaintiff was employed by Defendant. Defendant denies the remaining allegations.

4. Defendant admits that it is a limited liability company. Defendant denies the remaining allegations.

## JURISDICTION AND VENUE

5. Defendant admits that this Court has subject matter jurisdiction. Defendant denies all allegations of wrongdoing pled or implied in this paragraph.

6. Defendant admits that this Court has supplemental jurisdiction over Plaintiff's state law claims. Defendant denies all allegations of wrongdoing pled or implied in this paragraph.

7. Defendant admits that venue is proper in the Middle District of Florida, Orlando Division.

## CONDITIONS PRECEDENT

8. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant states the statute speaks for itself.

9. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

10. Defendant admits that the EEOC issued a notice of right to sue. Defendant denies the remaining allegations.

11. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, denied.

## FACTS

12. Defendant admits it is a fire, life safety, and security provider. Defendant denies the remaining allegations.

13. Defendant is without sufficient knowledge or information to form a belief as to Plaintiff's alleged certifications and years of experience and therefore denies the same.

14. Defendant denies the allegations contained in this paragraph.

15. Defendant denies the allegations contained in this paragraph.

16. Defendant admits Plaintiff performed inspection duties. Defendant denies the remaining allegations.

17. Defendant admits Plaintiff received work assignments. Defendant denies the remaining allegations.

18. Defendant admits that Donald Jaworski and Joshua Walker were Plaintiff's supervisors. Defendant denies the remaining allegations.

19. Defendant denies the allegations contained in this paragraph.

20. Defendant denies the allegations contained in this paragraph.

21. Defendant denies the allegations contained in this paragraph.

22. Defendant denies the allegations contained in this paragraph.

23. Defendant denies the allegations contained in this paragraph.

24. Defendant denies the allegations contained in this paragraph.

25. Defendant denies the allegations contained in this paragraph.

26. Defendant denies the allegations contained in this paragraph.

27. Defendant denies the allegations contained in this paragraph.

28. Defendant denies the allegations contained in this paragraph.

29. Defendant denies the allegations contained in this paragraph.

30. Defendant denies the allegations contained in this paragraph.

31. Defendant denies the allegations contained in this paragraph.

32. Defendant denies the allegations contained in this paragraph.

33. Defendant denies the allegations contained in this paragraph.

34. Defendant denies the allegations contained in this paragraph.

35. Defendant denies the allegations contained in this paragraph.

36. Defendant denies the allegations contained in this paragraph.

37. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's mother's medical condition and therefore denies the same.

38. Defendant admits Plaintiff communicated with his supervisors and HR regarding a request for leave. Defendant denies the remaining allegations.

39. Defendant admits that Plaintiff requested leave. Defendant denies the remaining allegations.

40. Defendant denies the allegations contained in this paragraph.

41. Defendant admits that Plaintiff's employment was terminated. Defendant denies any allegation of wrongdoing pled or implied in this paragraph.

## COUNT I – 42 U.S.C. § 1981 DISCRIMINATION

42. Defendant incorporates its responses to Paragraphs 1 through 41 above. Defendant admits Plaintiff claims membership in a protected class. Defendant denies the remaining allegations.

43. Defendant denies the allegations contained in this paragraph.

44. Defendant denies the allegations contained in this paragraph.

45. Defendant denies the allegations contained in this paragraph.

46. Defendant denies the allegations contained in this paragraph.

47. Defendant denies the allegations contained in this paragraph.

48. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, denied.

## COUNT II – 42 U.S.C. § 1981 RETALIATION

49. Defendant incorporates its responses to Paragraphs 1 through 41 above. Defendant admits Plaintiff claims membership in a protected class. Defendant denies the remaining allegations.

50. Defendant denies the allegations contained in this paragraph.

51. Defendant denies the allegations contained in this paragraph.

52. Defendant denies the allegations contained in this paragraph.

53. Defendant denies the allegations contained in this paragraph.

54. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, denied.

55. Defendant denies the allegations contained in this paragraph.

56. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, denied.

## COUNT III – TITLE VII DISCRIMINATION

57. Defendant incorporates its responses to Paragraphs 1 through 41 above. Defendant denies the allegations contained in this paragraph.

58. Defendant denies the allegations contained in this paragraph.

59. Defendant denies the allegations contained in this paragraph.

60. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant states the statute speaks for itself.

61. Defendant denies the allegations contained in this paragraph.

## COUNT IV – TITLE VII RETALIATION

62. Defendant incorporates its responses to Paragraphs 1 through 41 above. Defendant denies the allegations contained in this paragraph.

63. Defendant denies the allegations contained in this paragraph.

64. Defendant denies the allegations contained in this paragraph.

65. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant states the statute speaks for itself.

66. Defendant denies the allegations contained in this paragraph.

**COUNT V – FCRA DISCRIMINATION**

67. Defendant incorporates its responses to Paragraphs 1 through 41 above. Defendant denies the allegations contained in this paragraph.

68. Defendant denies the allegations contained in this paragraph.

69. Defendant denies the allegations contained in this paragraph.

70. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant states the statute speaks for itself.

71. Defendant denies the allegations contained in this paragraph.

**COUNT VI – FCRA RETALIATION**

72. Defendant incorporates its responses to Paragraphs 1 through 41 above. Defendant denies the allegations contained in this paragraph.

73. Defendant denies the allegations contained in this paragraph.

74. Defendant denies the allegations contained in this paragraph.

75. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant states the statute speaks for itself.

76. Defendant denies the allegations contained in this paragraph.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint.

## DEMAND FOR JURY TRIAL

In answer to the Demand for Jury Trial, Defendant admits that Plaintiff is demanding a jury trial on all issues so triable, but denies Plaintiff has any valid claim for relief against Defendant.

## GENERAL DENIAL

To the extent not specifically addressed above, Defendant denies each and every allegation contained in the Second Amended Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any issue on which it would otherwise not bear the burden, and without waiving any rights, defenses, or objections, Defendant asserts the following affirmative defenses:

### First Affirmative Defense – Failure to State a Claim

The Second Amended Complaint, or certain Counts therein, fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

**Second Affirmative Defense – Failure to Establish a Prima Facie Case**

Plaintiff cannot establish a prima facie case of discrimination or retaliation under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), because Plaintiff cannot demonstrate that he suffered an adverse employment action under circumstances giving rise to an inference of discrimination, or that there is a causal connection between any protected activity and any adverse action. Plaintiff identifies no comparator by name, title, qualifications, or circumstances, relying instead on a generalized reference to "white counterparts." The alleged "redneck" comment is, at most, an isolated and ambiguous remark unrelated to any challenged employment action and insufficient to establish discriminatory intent. See *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998).

**Third Affirmative Defense – Legitimate, Non-Discriminatory, and Nonretaliatory Reasons**

With respect to his retaliation claims, all employment decisions at issue were made for legitimate, nondiscriminatory, and nonretaliatory business reasons. Defendant's burden of production under the applicable legal frameworks is satisfied.

**Fourth Affirmative Defense – No Pretext**

With respect to his retaliation claims, Plaintiff cannot demonstrate that Defendant's legitimate, nonretaliatory reasons for its employment decisions were pretextual or that the real reasons were unlawful retaliation.

**<u>Fifth Affirmative Defense – Insufficient Protected Activity</u>**

To the extent Plaintiff relies on complaints about staffing, safety, equipment, unfair treatment, or a light-duty reassignment, those complaints did not expressly or reasonably imply that Defendant engaged in race-based discrimination. General workplace grievances that do not reference race or another protected characteristic do not constitute protected activity for purposes of Plaintiff's retaliation claims. *See Jeronimus v. Polk County Opportunity Council, Inc.*, 145 F. App'x 319, 326 (11th Cir. 2005).

**<u>Sixth Affirmative Defense – Statute of Limitations / Untimeliness</u>**

Certain of Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations. Under 42 U.S.C. § 2000e-5(e)(1), a claimant must file an administrative charge within 300 days of the alleged violation. Any alleged violations outside the relevant limitations period are time-barred and not actionable.

**<u>Seventh Affirmative Defense – Failure to Exhaust Administrative Remedies</u>**

To the extent Plaintiff's Second Amended Complaint raises allegations or claims that were not included in, or are beyond the scope of, his Charge of Discrimination filed with the EEOC and the FCHR, such claims are barred for failure to exhaust administrative remedies.

**Eighth Affirmative Defense – Good Faith Compliance**

At all relevant times, Defendant acted in good faith and in compliance with 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act, and all other applicable laws. Defendant maintained and enforced nondiscrimination and equal employment opportunity policies, provided avenues for employees to report complaints, and promptly investigated all allegations of discrimination and retaliation.

**Ninth Affirmative Defense – Failure to Mitigate Damages**

Plaintiff has failed to take reasonable steps to mitigate his alleged damages, and any recovery should be reduced accordingly.

**Tenth Affirmative Defense – No Causal Connection / Temporal Proximity**

Even assuming Plaintiff engaged in protected activity, Plaintiff cannot establish a causal connection between the May 2025 HR complaint and his September 2025 termination. The approximately four-month gap is insufficient, standing alone, to establish causation through temporal proximity, and the Complaint alleges no intervening facts linking the complaint to the termination. *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007).

**Eleventh Affirmative Defense – After-Acquired Evidence**

Defendant reserves the right to assert the after-acquired evidence defense should discovery reveal evidence of wrongdoing or misconduct by Plaintiff that

would have resulted in his termination or other adverse action. Neither reinstatement nor front pay are appropriate remedies, and back pay must be limited to the period before discovery of such evidence.

**Twelfth Affirmative Defense – Statutory Cap on Damages**

To the extent applicable, any compensatory damages recoverable against Defendant under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act are subject to the statutory cap set forth in 42 U.S.C. § 1981a(b)(3).

**Thirteenth Affirmative Defense – No Punitive Damages**

Plaintiff's claims for punitive damages are barred, in whole or in part. To the extent Plaintiff can establish liability, Defendant made good faith efforts to comply with the law.

**Fourteenth Affirmative Defense – Avoidable Consequences**

To the extent Plaintiff's alleged damages were incurred or exacerbated by Plaintiff's own acts or failures to act, Plaintiff's damages are barred or must be reduced pursuant to the doctrine of avoidable consequences.

**Fifteenth Affirmative Defense – Election of Remedies / No Double Recovery**

Plaintiff's claims for damages are barred, in whole or in part, under the election of remedy and double recovery doctrines, because Plaintiff may not obtain multiple recovery for the same injury.

**Sixteenth Affirmative Defense – No Entitlement to Attorney's Fees**

Plaintiff is proceeding pro se and is not a licensed attorney. Accordingly, Plaintiff is not entitled to recover attorney's fees under Title VII or 42 U.S.C. § 1981. *Kay v. Ehrler*, 499 U.S. 432, 435 (1991). Any request for attorney's fees incurred in prosecuting Plaintiff's claims should therefore be denied or stricken.

**Seventeenth Affirmative Defense – Reservation of Defenses**

Defendant reserves the right to amend this Answer and to assert additional affirmative defenses as may become available through the course of discovery and further investigation.

**RESERVATION OF RIGHTS**

Defendant reserves the right to revise, supplement, or amend this Answer and Affirmative Defenses in accordance with the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendant, SCIENS BUILDING SOLUTIONS, LLC, respectfully requests that this Court:

(a) Dismiss Plaintiff's Second Amended Complaint in its entirety with prejudice;

(b) Enter judgment in Defendant's favor on all Counts;

(c) Award Defendant its reasonable attorney's fees and costs pursuant to 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988, and any other applicable provision of law; and

(d) Grant such other and further relief as this Court deems just and proper.

Dated: September 8, 2026. Respectfully submitted,

*/s/ Phillip J. Harris*
**Phillip J. Harris, Esq., Lead Counsel**
Florida Bar Number: 44107
phillip.harris@akerman.com
**Hannah M. Compton, Esq.**
Florida Bar Number: 1028910
hannah.compton@akerman.com
nicole.emmett@akerman.com
**AKERMAN LLP**
401 E. Jackson Street
Suite 1700
Tampa, FL 33602-5250
Phone: (813) 223-7333
Fax: (813) 223-2837
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that September 8, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following:

Gilbert Roman
950 Woodlark Drive
Haines City, FL 33844
*Pro Se Plaintiff*

*/s/ Phillip J. Harris*
**Phillip J. Harris, Esq., Lead Counsel**
Florida Bar Number: 44107